| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL X | | |
| JNMV REPRESENTADA POR SUS PADRES Y HEREDEROS, JESSICA VENTURA PÉREZ, LUIS E. MORENO ORTIZ, Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, DARV, Y LEMV, MENORES DE EDAD REPRESENTADOS POR SUS PADRES JESSICA VENTURA PÉREZ Y LUIS E. MORENO ORTIZ; HÉCTOR VENTURA MELÉNDEZ, MYRTA PÉREZ ROMÁN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; DENISSE VENTURA PÉREZ, POR SÍ Y EN REP. DE LA MENOR DE EDAD, AFV<br><br>RECURRIDOS<br><br><br>VS.<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, REP. POR EL DR. CARLOS MELLADO LÓPEZ, SECRETARIO DEL DEPARTAMENTO DE SALUD; RAFAEL RODRÍGUEZ MERCADO, EN SU CAPACIDAD PERSONAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON WANDA SANTIAGO PIMENTEL; SOCIEDAD PROFESIONAL A, CORPORACIÓN A, COMPAÑÍA DE RESPONSABILIDAD A; DORA MARÍA BERENGUER MACAYA, EN SU CAPACIDAD PERSONAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLA Y SU ESPOSO JOHN DOE I, CORPORACIÓN B, COMPAÑÍA DE SEGUROS O DE RESPONSABILIDAD B; **DR. DAVID HEAL, Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON AIDITA COLON**, CORPORACIÓN O SOCIEDAD PROFESIONAL C, COMPAÑÍA DE | TA2026CE00263 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de Fajardo<br><br>Caso Núm.: SJ2021CV00177<br><br><br>Sobre: Violación de derechos civiles, impericia médica |

| | | |
|---|---|---|
| RESPONSABILIDAD C; DR. MARIO E. PAULINO PAYANO, Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON JANE DOE III, DR. MARIO PAULINO SERV. MED. PED. Y EMERGENCIAS PSC, COMPAÑÍA DE RESPONSABILIDAD D; CORPORACIONES E-I, COMPAÑÍA DE SEGUROS E-I, TODOS INDIVIDUOS, CORPORACIONES, ASEGURADORAS DESCONOCIDAS RESPONSABLES POR LA MUERTE DE JAIDELIZ MORENO VENTURA Y CUALQUIER OTRO DEMANDANTE CUYA IDENTIDAD SE DESCONOCE<br><br>PETICIONARIOS | | |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de abril de 2026.

Comparecen el señor David Heal Barbosa, la señora Aidita Colón y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, Dr. Heal y en conjunto, los peticionarios) mediante una *Petición de Certiorari* presentada el 3 de marzo de 2026 y nos solicitan que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Vieques (en adelante, TPI o foro primario) el 15 de julio de 2025 y notificada el 17 de julio de 2025. Mediante esta, el foro primario denegó la solicitud de desestimación presentada por los peticionarios.

El 1 de agosto de 2025, el Dr. Heal y su esposa presentaron una oportuna moción de reconsideración, la cual fue declarada No Ha Lugar mediante *Resolución Interlocutoria* emitida por el TPI el 29 de enero de 2026, notificada al día siguiente.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y *revocamos* el dictamen recurrido.

**I.**

El 11 de enero de 2021, Jessica Ventura Pérez, Luis E. Moreno Ortiz y la Sociedad Legal de Gananciales compuesta por ambos, por sí y en representación de la menor Jaideliz Ventura Moreno y otros familiares demandantes (en adelante, los recurridos) presentaron una *Demanda*[1] sobre daños, impericia médica y violación de derechos civiles contra el Estado Libre Asociado de Puerto Rico y varios codemandados, entre estos el Dr. Heal y su esposa. Posteriormente, la parte recurrida presentó una *Primera Demanda Enmendada*[2] el 21 de enero de 2021 y una *Segunda Demanda Enmendada*[3] el 21 de diciembre de 2023.

En lo pertinente, la parte recurrida alegó que el 12 de enero de 2020 la menor Jaideliz Moreno Ventura fue llevada de emergencia al Centro de Salud Familiar Susana Centeno en Vieques (en adelante, Centro de Salud o clínica), tras presentar varios síntomas, incluyendo fuerte dolor de cabeza, vómitos y movimientos involuntarios.

Según las alegaciones de la demanda, al llegar a la clínica, el Dr. Heal, médico de guardia ese día, intervino inicialmente en la atención de la menor y ordenó tratamiento. No obstante, optó por esperar la llegada de un pediatra. Los recurridos sostienen que el Dr. Heal incumplió con las normas aceptadas de su profesión al no realizar un historial detallado ni una evaluación clínica completa conforme a los estándares aplicables, por lo que no identificó ni manejó adecuadamente los signos de una posible emergencia neurológica. Asimismo, alegan que el Dr. Heal obvió las normas y pautas para la

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada Núm. 3 del SUMAC del TPI.
[3] Entrada Núm. 161 del SUMAC del TPI. Véase, además, *Orden* del 7 de marzo de 2025 en la Entrada Núm. 184 del SUMAC del TPI autorizando la *Segunda Demanda Enmendada.*

administración del medicamento Toradol, sin saber si la dosis administrada era apta para la menor.

La parte recurrida plantea que las actuaciones del Dr. Heal provocaron un retraso en la toma de decisiones críticas, incluyendo el traslado de la menor, cuyo estado se deterioró progresivamente hasta requerir medidas de resucitación en una facilidad con recursos limitados, lo que resultó en el fallecimiento de la menor horas más tarde de ese mismo día.

A base de lo anterior, los recurridos alegan, en síntesis, que el Dr. Heal incurrió en impericia médica en el manejo inicial, diagnóstico y toma de decisiones relacionadas con la estabilización y traslado de la paciente.

El 6 de julio de 2021, la parte peticionaria presentó un escrito sobre *Comparecencia Especial solicitando desestimación con perjuicio a favor del Dr. David Heal Barbosa, su esposa Aidita Colón Esteva y la Sociedad Legal de Gananciales por ellos constituida*[4], en la cual alegó que para la fecha de los hechos alegados en la *Demanda* el Dr. Heal prestaba servicios como contratista de la Administración de Servicios Médicos de Puerto Rico (ASEM) y que, por ello, estaba cobijado por la inmunidad estatutaria provista por la Ley Núm. 66 de 22 de junio de 1978, según enmendada, conocida como Ley de la Administración de Servicios Médicos de Puerto Rico, 24 LPRA sec. 342 *et seq.* (en adelante, Ley Núm. 66). El peticionario acompañó su escrito con una *Certificación*[5] expedida el 6 de julio de 2021 por Michelle Agostini Campos, Directora Interina de ASEM, en la cual se indica que para el 12 de enero de 2020 el Dr. Heal era contratista de ASEM y laboraba como Médico Generalista en el Centro de Diagnóstico y Tratamiento del Municipio de Vieques.

El 15 de julio de 2021, la parte recurrida presentó oposición a dicha solicitud sosteniendo, en lo pertinente, que la *Certificación* presentada por el

---

[4] Entrada Núm. 75 del SUMAC del TPI.
[5] *Id.*

Dr. Heal en la moción era insuficiente para establecer con toda claridad que el tribunal carecía de jurisdicción sobre su persona y la sociedad legal de gananciales que forma parte. Añadió, además, que la Ley Núm. 66 no proveía inmunidad para los médicos "contratistas" de ASEM y que, en su moción, el Dr. Heal aceptaba que no era empleado, sino contratista.[6]

El 20 de julio de 2021, el TPI declaró sometida la referida moción de desestimación.[7]

Estando pendiente de resolver dicha solicitud y tras varios incidentes procesales, el 5 de agosto de 2022, el foro primario dictó una *Sentencia*[8] mediante la cual ordenó la paralización del caso al amparo del proceso de quiebra del Estado Libre Asociado de Puerto Rico bajo la Ley PROMESA.

El 26 de octubre de 2022, la parte peticionaria presentó una segunda *Comparecencia Especial reiterando desestimación con perjuicio Dr. David Heal Barbosa, su esposa, Sra. Aidita Colón Esteva y la Sociedad Legal de Gananciales compuesta por ambos*[9], nuevamente fundamentada en la alegada inmunidad estatutaria. En la misma fecha, el TPI dictó una *Orden*[10] mediante la cual declaró que, ya que el caso estaba paralizado para todas las partes, era improcedente atender cualquier moción de desestimación.

No obstante, el 29 de agosto de 2023, un panel hermano de este Tribunal dictó *Sentencia*[11] en el caso KLCE202300779, mediante la cual revocó la *Sentencia* que decretó la paralización del pleito y ordenó la continuación de los procedimientos.

Más adelante, el 24 de junio de 2025, la parte peticionaria presentó una *Tercera Moción Comparecencia Especial reiterando la solicitud de desestimación con perjuicio del Dr. David Heal Barbosa, su esposa, Sra. Aidita*

---

[6] Entrada Núm. 77 del SUMAC del TPI.
[7] Entrada Núm. 80 del SUMAC del TPI.
[8] Entrada Núm. 111 del SUMAC del TPI.
[9] Entrada Núm. 128 del SUMAC del TPI.
[10] Entrada Núm. 129 del SUMAC del TPI.
[11] Entrada Núm. 160 del SUMAC del TPI.

*Colón Esteva y la Sociedad Legal de Gananciales compuesta por ambos*[12], insistiendo en que el Dr. Heal, al actuar como contratista de ASEM en funciones institucionales, no podía ser demandado en su carácter personal.

El 1 de julio de 2025, la parte recurrida presentó una *Oposición a la moción en solicitud de desestimación a favor de los demandados Heal, Colón, SLG Heal-Colón*[13], argumentando, entre otras cosas, que la moción no procedía bajo la Regla 10.2(5) de Procedimiento Civil y que no se había realizado descubrimiento de prueba que permitiera adjudicar la controversia sobre si en efecto el Dr. Heal era o no un contratista independiente cobijado por la inmunidad estatutaria.

Así las cosas, el 15 de julio de 2025, notificada el 17 de julio de 2025, el TPI emitió una *Orden*[14] declarando No Ha Lugar a las mociones de desestimación presentadas por la parte peticionaria.

El 1 de agosto de 2025, los peticionarios presentaron una *Moción en Solicitud de Reconsideración [...]*[15], reiterando que la inmunidad bajo la Ley Núm. 66 constituye una cuestión de derecho que elimina la causa de acción sin necesidad de descubrimiento de prueba.

El 7 de agosto de 2025, la parte recurrida presentó oposición a dicha solicitud, señalando que la inmunidad reclamada era una defensa afirmativa y que debía probarse mediante evidencia.[16]

El 29 de enero de 2026, notificada al día siguiente, el foro primario emitió una *Resolución Interlocutoria[17]* declarando No Ha Lugar la solicitud de reconsideración.

Inconforme, la parte peticionaria presentó el recurso de *certiorari* que nos ocupa, mediante el cual señala que el TPI cometió los siguientes errores:

**1. ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR, LA "TERCERA**

---

[12] Entrada Núm. 197 del SUMAC del TPI.
[13] Entrada Núm. 198 del SUMAC del TPI.
[14] Entrada Núm. 199 del SUMAC del TPI.
[15] Entrada Núm. 200 del SUMAC del TPI.
[16] Entrada Núm. 201 del SUMAC del TPI.
[17] Entrada Núm. 215 del SUMAC del TPI.

COMPARECENCIA ESPECIAL REITERANDO DESESTIMACIÓN CON PERJUICIO A FAVOR DEL DR. DAVID HEAL BARBOSA, SU ESPOSA AIDITA COLÓN ESTEVA Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA"; LA "COMPARECENCIA ESPECIAL REITERANDO DESESTIMACIÓN CON PERJUICIO A FAVOR DEL DR. DAVID HEAL BARBOSA, SU ESPOSA AIDITA COLÓN ESTEVA Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA" Y FINALMENTE LA "COMPARECENCIA ESPECIAL SOLICITANDO DESESTIMACIÓN CON PERJUICIO A FAVOR DEL DR. DAVID HEAL BARBOSA, SU ESPOSA AIDITA COLÓN ESTEVA Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA"; LAS DECLARA NO HA LUGAR Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA". [sic] EN LA MISMA SOLICITAMOS LA DESESTIMACI[Ó] DE LA DEMANDA POR GOZAR DE INMUNIDAD EN SU CAR[Á]CTER PERSONAL EN LA DEMANDA DE EPÍGRAFE DE CONFORMIDAD A LA LEY HABILITADORA DE LA CORPORACIÓN PÚBLICA ART. 8-A[,] 24 LPRA SEC. 342(G)(1), ET. CONFORME AL CASO.

2. ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR, SIN FUNDAMENTO ALGUNO, LAS MOCIONES DE DESESTIMACI[Ó]N BASADAS EN INMUNIDAD ESTATUTARIA BAJO LA LEY N[Ú]M. 66 DE 22 DE JUNIO DE 1978, SEGÚN ENMENDADA, OTORGANDO AL M[É]DICO DEMANDADO, DR. DAVID HEAL BARBOSA, SU ESPOSA AIDITA COL[Ó]N ESTEVA Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA, EN SU CARÁCTER PERSONAL, A CONTINUAR LITIGANDO EN ABIERTA CONTROVERSIA DEL PROP[Ó]SITO DEL ESTATUTO Y CONSTITUYENDO ELLO UN ERROR DE DERECHO Y UN ABUSO DE DISCRECI[Ó]N QUE AMERITA EL AUTO DE CERTIORARI.

El 6 de abril de 2026, los recurridos presentaron su *Oposición a Petición de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847

(2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation*, 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra

situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la Regla 40 dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

**B. Inmunidad estatutaria**

El Artículo 41.050 del Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 4105, establece el marco legal que regula la inmunidad concedida a ciertos profesionales de la salud que prestan servicios para el Estado Libre Asociado de Puerto Rico, sus dependencias e instrumentalidades, en reclamaciones por impericia profesional relacionadas con el desempeño de su labor. *Rodríguez Ruiz v. Hosp. San Jorge*, 169 DPR 850, 857–858 (2007).

En lo pertinente, la citada disposición establece que:

> **Ningún profesional de la salud (empleado o contratista) podrá ser incluido como parte demandada en una acción civil de reclamación de daños por culpa o negligencia por impericia profesional ("*malpractice*") causada en el desempeño de su profesión, mientras dicho profesional actúe en cumplimiento de sus deberes y funciones**, incluidas las docentes, **como empleados del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades,** el Centro Compre[n]sivo de Cáncer de la Universidad de Puerto Rico y los municipios. 26 LPRA sec. 4105. (Énfasis nuestro).

Nuestro Tribunal Supremo ha explicado que esta "inmunidad" es conferida por la Asamblea Legislativa en atención a consideraciones de política pública que rebasan los límites de los actos u omisiones del individuo que la disfruta. *Rodríguez Figueroa et al. v. Centro de Salud*, 197 DPR 876, 884 (2017); *Romero Arroyo v. ELA*, 127 DPR 724, 745 (1991). Asimismo, se ha expresado en cuanto a que **la figura de la inmunidad no constituye una defensa personal del médico ante reclamaciones en su contra, sino de la inexistencia de causa de acción**. *Rodríguez Figueroa et al. v. Centro de Salud, supra*; *Rodríguez Ruiz v. Hosp. San Jorge, supra*, pág. 861; *Lind Rodríguez v. ELA*, 112 DPR 67, 69 (1982). Por ello, "un individuo que disfrute de inmunidad no puede ser objeto de un litigio, independientemente de que haya realizado un acto u omisión, culposo o negligente." *Rodríguez Figueroa et al. v. Centro de Salud, supra*.

En ese sentido, para poder estar cobijado por la inmunidad estatutaria, el individuo "debe ser un profesional en el cuidado de la salud y que los daños

ocasionados por su impericia deben haber surgido mientras se actúa en cumplimiento de sus deberes y funciones profesionales como empleado del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios." *Rodríguez Ruiz v. Hosp. San Jorge, supra*, pág. 860; *Flores Román v. Ramos González*, 127 DPR 601, 606 (1990).

Por su parte, la Ley Núm. 66 de 22 de junio de 1978, según enmendada, conocida como Ley de la Administración de Servicios Médicos de Puerto Rico, 24 LPRA sec. 342 *et seq.*, creó la Administración de Servicios Médicos de Puerto Rico (ASEM) como una instrumentalidad del Estado adscrita al Departamento de Salud, con la facultad de contratar personal médico para prestar servicios en sus instalaciones. 24 LPRA secs. 342b, 342g.

En lo que aquí concierne, el Artículo 8-A de dicha ley dispone que:

> **Ningún profesional de servicios de salud podrá ser incluido como parte demandada en una acción civil de reclamación de daños por culpa o negligencia por impericia profesional (*malpractice*) que cause en el desempeño de su profesión mientras dicho profesional de servicios de salud actúe en cumplimiento de sus deberes y funciones como empleado de la Administración de Servicios Médicos de Puerto Rico. En toda acción civil en que se le reclamen daños y perjuicios a la Administración de Servicios Médicos de Puerto Rico, en todo caso en que recaiga sentencia por actos constitutivos de impericia médico-hospitalaria (*malpractice*) que cometan los empleados o funcionarios de la Administración de Servicios Médicos de Puerto Rico, o médicos que presten servicios bajo contrato con la Administración de Servicios Médicos de Puerto Rico en el desempeño de sus tareas institucionales**; o cuando recaiga sentencia por actos constitutivos de culpa o negligencia directamente relacionada con la operación por la Administración de Servicios Médicos de Puerto Rico de una institución de cuidado de la salud, **se sujetará a la Administración de Servicios Médicos de Puerto Rico a los límites de responsabilidad y condiciones que la Ley Núm. 104 de 29 de Junio de 1955**, según enmendada (32 L.P.R.A. § 3077 et seq.), imponen para exigirle responsabilidad al Estado Libre Asociado de Puerto Rico en similares circunstancias. 24 LPRA sec. 342g-1. (Énfasis nuestro).

Es decir, un profesional de la salud no puede ser incluido como demandado en una acción por impericia profesional cuando actúa en el cumplimiento de sus funciones como empleado de ASEM. *Id.* A su vez, se reconoce que, en los casos en que se reclamen daños por actos de impericia

cometidos por empleados o por médicos que prestan servicios bajo contrato con ASEM en el desempeño de sus funciones institucionales, la responsabilidad —de existir— recae sobre la propia entidad, sujeta a los límites establecidos por ley. *Id.*

### III.

En el recurso ante nos, los peticionarios sostienen que el TPI erró al denegar sus mociones de desestimación. Alegan que el Dr. Heal no puede ser incluido como parte demandada, por estar cobijado por la inmunidad estatutaria dispuesta en la Ley Núm. 66. Plantean que dicha inmunidad excluye su responsabilidad personal por actos realizados en el desempeño de sus funciones profesionales y que, por tanto, no existe causa de acción en su contra, por lo que procedía la desestimación del pleito en su contra.

Por su parte, los recurridos sostienen que no procede la intervención de este Tribunal. Argumentan que las mociones de desestimación fueron prematuras, que la *Certificación* presentada por los peticionarios es insuficiente para demostrar la inmunidad reclamada y que existe una controversia de hechos —particularmente en cuanto a la relación del Dr. Heal con ASEM y el alcance de sus funciones— que requiere desarrollo probatorio antes de poder adjudicar la aplicabilidad de dicha inmunidad. No obstante, no les asiste la razón.

Del expediente surge que, al momento de los hechos, el Dr. Heal prestaba servicios como médico en el Centro de Diagnóstico y Tratamiento del Municipio de Vieques, en virtud de un contrato con ASEM.[18] Asimismo, las alegaciones de la propia demanda se circunscriben a actuaciones realizadas por este en el curso de la atención médica brindada a la menor en dicha institución.

A esos efectos, tanto la Ley Núm. 66, *supra*, como el Artículo 41.050 del Código de Seguros, *supra*, reconocen que la inmunidad aplicable puede

---

[18] Véase *Certificación* en la Entrada Núm. 75 del SUMAC del TPI.

extenderse a profesionales de la salud que presten servicios bajo contrato, siempre que actúen en el cumplimiento de sus funciones. En el caso de la Ley Núm. 66, ello surge expresamente al contemplar a médicos que prestan servicios bajo contrato con ASEM en el desempeño de sus tareas, y al disponer que, en tales circunstancias, la responsabilidad —de existir— recae sobre la propia entidad, sujeta a los límites establecidos por ley. Es decir, la ley reconoce que la entidad responde por los actos de los profesionales que prestan servicios bajo contrato en el ejercicio de funciones institucionales, dentro de los límites de responsabilidad aplicables al Estado.

De igual forma, el Artículo 41.050 del Código de Seguros incluye dentro de su alcance a profesionales de la salud, sean empleados o contratistas, cuando actúan en el marco de sus funciones en entidades cobijadas por dicho estatuto.

En este caso, la reclamación en contra del Dr. Heal se basa exclusivamente en su desempeño como profesional de la salud dentro de una facilidad cobijada por la inmunidad antes discutida. No se alegan actuaciones ajenas a ese contexto. Ante ello, la controversia puede resolverse como cuestión de derecho.

La inmunidad estatutaria aplicable en estos casos implica que no existe una causa de acción contra el profesional de la salud en su carácter personal cuando este actúa dentro del ámbito de sus funciones institucionales. Por ello, no es necesario un mayor desarrollo probatorio para determinar si procede la inmunidad reclamada.

Aun tomando como ciertas las alegaciones de la demanda, lo que se describe es conducta realizada por el Dr. Heal en el ejercicio de sus funciones médicas dentro de una entidad cubierta por ley, de la cual este era un contratista al momento de los hechos.

En consecuencia, no procede mantener la reclamación en contra del Dr. Heal, su esposa ni la Sociedad Legal de Gananciales compuesta por

ambos, ya que este está cubierto por la inmunidad estatutaria provista por ambas disposiciones de ley. Cualquier reclamación —de ser viable— debía dirigirse contra la entidad gubernamental correspondiente, y no contra el profesional en su carácter personal.

Así las cosas, el foro primario erró al denegar las mociones de desestimación, ya que, a la luz del derecho aplicable y de las alegaciones del propio pleito, no existe causa de acción en contra de los peticionarios.

## IV.

Por los fundamentos antes expuestos, se ***expide*** el auto de *certiorari* solicitado y se ***revoca*** la determinación recurrida. En consecuencia, se **ordena la desestimación con perjuicio** de la causa de acción presentada en contra del Dr. David Heal Barbosa, la señora Aidita Colón Esteva y la Sociedad Legal de Gananciales compuesta por ambos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones